UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kimberly Webb, <br><br> Plaintiff, <br> v. <br><br> Allied Data Corporation; and DOES 1-10, inclusive, <br><br> Defendant. | Civil Action No.: _____ <br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, Kimberly Webb, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, Kimberly Webb ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Allied Data Corporation ("Allied"), is a TX business entity with an address of 13111 Wetheimer Road, Houston, TX 77077-5547, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Allied and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Allied at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to ORIGINAL CREDITOR (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Allied for collection, or Allied was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Allied Engages in Harassment and Abusive Tactics

## FACTS

12. The Defendant has called the Plaintiff's residential telephone line, her cell phone, and her place of employment on numerous occasions.

13. The Defendant has repeatedly called the Plaintiff on the weekends, and at all hours of the day, despite the Plaintiff requesting they call at more appropriate times.

14. The Defendant has repeatedly made threats of wage garnishment, and has

contacted the Plaintiff's employer to make threats of wage garnishment. There has been no wage garnishment as of the time of filing of this suit.

15. The Defendant has not disclosed to the Plaintiff the nature of the debt, or where all the additional charges are from, despite repeated requests for an accounting.

16. The Defendant has repeatedly left numerous automated messages on the Plaintiff's phones, some consecutively.

17. The Defendant has not informed the Plaintiff when speaking directly to her, that they are debt collectors and anything said will be used for that purpose.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.**

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct

3

location information.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

24. The Defendants' conduct 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

26. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(6) in that Defendants misled the Plaintiff into believing that the sale or transfer of the debt would cause the Plaintiff to lose a

claim or defense to payment of the debt.

33. The Defendants' conduct violated in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

34. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the debt was disputed to the credit bureaus.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(9) in that Defendants falsely misrepresented to the Plaintiff that the documents received by the Plaintiff from the Defendant were authorized by a court or official.

36. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

38. The Defendants' conduct violated 15 U.S.C. § 1692e(12) in that Defendants falsely informed the Plaintiff that the debt had been turned over to innocent purchasers for value.

39. The Defendants' conduct violated 15 U.S.C. § 1692e(16) in that Defendants falsely misled the Plaintiff into believing that the Defendant was operating or employed by a consumer reporting agency.

40. The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the debt.

41. The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

42. The Defendants' conduct violated 15 U.S.C. § 1692h in that Defendants applied payments to a debt that was disputed.

43. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

44. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

45. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

46. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

47. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

48. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49. The Plaintiff is entitled to damages as a result of Defendants' violations.

50. The Plaintiff has been required to retain the undersigned as local counsel and general counsel to protect their legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II
## VIOLATIONS OF NEVADA'S FAIR DEBT COLLECTION PRACTICES ACT, Nev.Rev. Stat. 649.005, et seq.

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

52. The Debt arose from an obligation for payment of money and meets the definition of a "claim" under Nev.Rev.Stat. 649.010.

53. The Defendants are a "collection agency" and "collection agent[s]" as defined by Nev.Rev.Stat. 649.020(1) and Nev.Rev.Stat. 649.025.

54. The Defendant has violated the provisions of NRS 649, et. seq. through its course of conduct identified herein.

55. The Plaintiff has been required to retain the undersigned as local counsel and general counsel to protect their legal rights to prosecute this cause of action, and are therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

56. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

58. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

59. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

60. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
## HARASSMENT

61.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     The Defendants, through the course of conduct identified herein, has continuously harassed, badgered, annoyed, and worried the Plaintiff regarding the claim, in an intentional and/or negligent manner.

63.     The Plaintiff has been required to retain the undersigned as local counsel and general counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

4. Punitive damages; and

5. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 21, 2011.

Respectfully submitted,

By ___/s/ Joslyn LaMadrid_____

Joslyn LaMadrid, Esq.
10655 Park Run Drive, Second Floor
Las Vegas, Nevada 89146
(702) 232-4786

**Of Counsel to**
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
(203) 653-2250